Lumbert *v.* Hill.

JOHN D. LUMBERT, *in Equity, versus* THOMAS A. HILL *& als.*

The extent of an execution on lands, accepted by the creditor, is a statute purchase of the debtor's estate; and the return of the officer is the *only* evidence of title by the levy.

A statute title by levy must always be perfect — that is, every thing made necessary by the statute to pass the property must appear by the return of the officer and by the record thereof, to have been done.

When an execution and levy thereof have been returned and recorded, there can be no other notice of the previous proceedings, by which subsequent attaching creditors or purchasers can be affected.

To *reform* a levy so recorded, and deeds consequent on the levy, thereby changing existing legal titles, would render the registry of deeds of little value, as furnishing any certain evidence of title to real estate, and it cannot be done.

In cases of relief, by correcting mistakes in the execution of instruments, the party asking relief must stand upon some equity superior to that of the other party. If the equities are equal, a court of equity is silent and passive.

BILL IN EQUITY.

The cause was heard upon BILL, ANSWERS and PROOF.

The facts of the case are sufficiently stated in the opinion of the Court. The following diagram will serve to illustrate the mistake in the description of the levy, against which relief was sought by the bill. A. B. C. D. indicate the premises intended to be levied on, and which were actually run out and appraised. But the description in the return of the officer is A. B. E. F. The mistake was made by stating the second course from B. as S. 70° E. 109 feet, instead of S. 7° E. 109 feet.

Lumbert *v.* Hill.

Exchange Street, Bangor.

*Rowe & Bartlett*, for plaintiff, contended, that in a case of this nature, where the description of the land levied on was erroneous, the mistake may be proved by parol evidence, and relief granted by a court of equity; and cited the following authorities in support of the position: *Peterson* v. *Grover*, 20 Maine, 363; *Farley* v. *Bryant*, 32 Maine, 474; *Grosvenor* v. *Titus*, 6 Paige, 347; *Gillespie* v. *Moore*, 2 Johns. Ch. 595, 600; *DeReimer* v. *DeCantillon*, 4 Johns. Ch. 85; 1 Story's Eq., § § 155–7, 161, 166, and notes; 3 Greenl. Ev. pp. 366–7–8 and notes.

*A. W. Paine* and *T. A. Hill*, for defendant.

The following points were maintained, and authorities cited.

The prayer of the bill is two-fold, viz. : — 1st. To enjoin the defendants against claiming or exercising acts of ownership over certain land, alleged to be plaintiff's, by virtue of a levy.

2d. For the Court so to reform the levy under which plaintiff claims, and intermediate deeds, as to cover and include the defendants' lot, which is not now included.

I. Our first proposition is, that the levy is a statute conveyance, and the Court will never reform a deed or levy of real estate, for mistake, so as to *enlarge* the premises conveyed, unless there is some evidence in *writing* showing the error and the true intention of the party executing it.

This point has been directly adjudicated by this Court in the case of *Elder* v. *Elder*, 1 Fairf. 80. The cases, *Peterson* v. *Grover*, 20 Maine, 363; *Farley* v. *Bryant*, 32 Maine, 474, are not in conflict with it.

The principle established in *Elder* v. *Elder*, was, after several previous partial applications, fully established in England in the leading case of *Woollam* v. *Hearne*, 7 Ves. 211.

This whole subject and course of authorities are collated with much care and fullness in 2 White & Tuder's Leading Cases in Equity, part 1, p. 540, (355,) under the leading case of *Woollam* v. *Hearne*.

II. The statute prescribes, that the appraisers shall describe the premises set off by them in their certificate by metes and bounds, or so that the same may be distinctly

Lumbert *v.* Hill.

known and identified. In the case at bar, this has been done to the letter. This is a provision of statute binding upon all Courts of the State. Equity has no power to set it aside. To alter the return so as to make it include another lot of land, or to enlarge the premises already described, would be to set the statute at naught. *Freeman* v. *Paul*, 3 Greenl. 260; *Means* v. *Osgood*, 7 Greenl. 147; *Bannister* v. *Higginson*, 15 Maine, 73; *Fairfield* v. *Paine*, 23 Maine, 498; *Berry* v. *Spear*, 13 Maine, 187; *Pierce* v. *Strickland*, 26 Maine, 277; *Thatcher* v. *Miller*, 13 Mass. 271; 10 N. H. 291; *Hovey* v. *Waite*, 17 Pick. 196; *Emerson* v. *Upton*, 9 Pick. 167; 1 White & Tuder's Leading Cases in Eq., 191, 192.

III. Whatever rights the plaintiff might have had if the defendants here were the original debtors, yet, as against these defendants, who had no notice of mistake, if any, he has no right to the reform or amendment prayed for. *Fairfield* v. *Paine*, 23 Maine, 498; *Haven* v. *Snow*, 14 Pick. 28; *Chamberlain* v. *Thompson*, 10 Conn. 254; *Stanley* v. *Perley*, 5 Greenl. 369; *Emerson* v. *Littlefield*, 3 Fairf. 148; *Coffin* v. *Ray*, 1 Met. 212; *Sumner* v. *Rhoads*, 14 Conn. 135; *Oud* v. *Brown*, 14 Ohio, 285; *Stevens* v. *Batchelder*, 28 Maine, 218.

IV. A levy is a statute title. The whole proceeding to perfect it is prescribed by statute. In order to make such a title valid, the provisions of the statute must be strictly pursued. In default of this there is no remedy. *Williams* v. *Brackett*, 8 Mass. 240; *Piscataqua Bridge Company* v. *N. H. Bridge Company*, 7 N. H. 72; *Main* v. *Kip*, 6 Paige, 90; *Metcalf* v. *Gillett*, 5 Conn. 400; *Hobart* v. *Fisher*, 5 Conn. 592; *Grover* v. *Howard*, 31 Maine, 550.

V. For the defective execution of a power created by *contract or devise*, the Court of Equity may relieve, but the case is different with the execution of a power created by *statute*. That must be strictly pursued, and for any omission or variance there is no remedial power in the Court to correct the error. Thus in *Bright* v. *Boyd*, 1 Story, 487; 1 Story's Eq. Jur. § § 96, 177; *Earl of Darlington* v. *Pulteney*, Cowp. 267.

VI. There are still other equities in this case, which offer an insuperable obstacle to the plaintiff's recovery.

This is a contest between creditors, and the Court will not discriminate between them. The only law which governs such contest, is that of " *vigilantibus et non dormientibus succurent leges.*" The law disregards the equity, if the one is as great as that of the other, and if in the race the one out-runs the other, to the victor belong the spoils.

The Court will not interfere to give one a precedence over the other. *Hunt* v. *Rousmanier, Ad'x,* 1 Pet. 1, 17; *Fitzsimmons* v. *Ogden,* 7 Cranch, 2.

*Rowe,* in reply.

The weight of authority in this country is in favor of reforming, on parol evidence, in cases within the statute of frauds. *Peterson* v. *Grover,* settled the question in this State. The distinction between cases within and without the statute is fanciful; written evidence, when it exists, is as requisite to prove a contract without, as to prove one within; it is as grave a matter to reform on such evidence in one case as in the other; correcting a mistake in the one is no more violating the statute, than in the other; it is violating the rule of common law, which calls for written evidence.

The objection is purely technical, and as such does not apply here, for the statute provides only for contracts, and this is not a case of contract.

But we contend there is evidence of the mistake in the return itself, as stated in the opening.

This is not a case of defective execution of a statute power, (though Story intimates, in notes to the section cited by defendants' counsel, that in case of mistake, &c., relief may be given,) but a case of a defective return of a perfect execution of a power. If appraisers be not sworn, that is a defect in a levy; if sworn, but that fact is not properly stated in the return, that is not a defect in the levy, but in the return merely.

The officer seized the land we claim, caused it to be appraised, set off by metes and bounds, and delivered possession to the creditor. Here was complete execution of a power; a

return is not "doings," but evidence of "doings;" title and possession pass to the creditor before the return. The mistake in the return is the officer's; it is his duty to make the description; it is his in whatever part of the return found. Appraisers merely certify the appraisal of land shown.

In reforming a deed, it is a question of intention; for a deed should express the intention of parties. But in amending a return, it is a question of fact, what was actually done. For a return should be a true statement of the officer's doings.

Permission to officers to amend is common practice, always granted where truth requires it, and no wrong will be done.

The objection to altering after record is no stronger in case of a return than in case of a deed.

Jos. R. Lumbert is the party legally interested in this case, for an amendment revives a debt against him; he consents.

Hill will suffer no wrong; he will only be deprived of an undue advantage, which he acquired by the mistake; he will stand as well then as if there had been no error.

Hill had notice. Of the fact no one can have a doubt. The only question is, is it *legally* proved? Coombs' testimony balances the answer; circumstances turn the scale.

He made a thorough examination of Lumbert's title on record.

The description in our return, when applied to the land, shows, not only that there was a mistake, but suggests its nature so far as to put any one on inquiry. A document which showed more would not need amending.

The contest is not between two creditors. The plaintiff is a purchaser, innocent, and for a valuable consideration, whose improvements now constitute more than half the value of the premises.

HATHAWAY, J.—The defendant, Joseph R. Lumbert, owned a lot of land in Bangor, on Exchange street; he was indebted to the Merchants' Bank, in Boston, and also to the defendant, Thomas A. Hill.

In June, 1840, the bank recovered judgment against Lum-

bert for their debt, and caused their execution thereon to be levied on land as his property, and the levy was duly returned and recorded. Subsequently, April 17, 1843, Hill commenced an action against Lumbert, to recover the debt due him, and attached Lumbert's real estate, and in due process of law, recovered judgment, upon which execution was duly issued and levied upon land as Lumbert's property, which levy was also duly returned and recorded. The land described in the levy of the bank, includes the northerly half of Lumbert's lot on Exchange street, and Hill's levy covers the southerly half of the same lot.

The plaintiff has title through sundry mesne conveyances from the Merchants' Bank, and, in his bill, alleges that the levy of the bank, in fact, covered the whole lot, including the part subsequently levied upon by Hill, and that in the appraisers' certificate, and the officer's return of his doings on the execution, there was an error in describing the easterly boundary line, as running south, *seventy* degrees east, instead of south, *seven* degrees east, by reason of which mistake, as he alleges, the levy as returned and recorded, does not describe the land upon which the execution was actually extended, but omits that part of the lot upon which Hill's execution was subsequently levied, and includes another piece of land, to which Lumbert had no title. And the plaintiff prays that the error may be corrected, and that the levy and the deeds following it, through which he derives title, may be reformed, &c.

The extent of an execution on lands, accepted by the creditor, is a statute purchase of the debtor's estate.

By R. S., c. 94, § 19, it is made the officer's duty to return the execution with a certificate of his doings thereon, into the clerk's office to which it is returnable, and within three months after the completion of the levy, to cause the execution and the return thereon to be recorded in the registry of deeds, and by § 20, if the execution and levy are not recorded, as provided in § 19, it shall be void against subsequent attaching creditors without notice; "but if the levy is recorded, though after the expiration of three months, it shall be valid

and effectual against any conveyance, attachment, or levy made after such recording." The return of the officer is the *only* evidence of title by the levy.

A statute title must always be perfect; that is, every thing made necessary by the statute, to pass the property, must appear by the return of the officer; and, when recorded, it must, of course appear by the record, to have been done. 14 Mass, 20, and Rand's notes. And when the execution and levy thereof have been returned and recorded, as was done in this case, there can be no other notice of the previous proceedings than the record, by which subsequent attaching creditors or purchasers can be affected.

" To reform an instrument in equity, is to make a decree, that a deed or other agreement shall be made or construed, as it was originally *intended* by the *parties,* when an error, as to a fact, has been committed." Bouvier, L. D. Tit. Reform. The levy of an execution on land conveys title by operation of law, not in pursuance of any agreement by which the intention of the parties was manifested, or can be ascertained. The question, however, of reforming a levy, after the execution and the officer's doings thereon, have been duly returned and recorded, and where the rights of third parties would not be affected thereby, need not be considered in this case; for if the judgment creditor, by mistake, do not make his title to the land seized on the execution, perfect by his levy, surely there can be no reason why a *subsequent* attaching creditor or purchaser should be prejudiced by such mistake, for the record is the statute evidence of what was done in extending his execution. Every person has a right to rely upon the record as the evidence of title, unless he have legal notice of a subsequent conveyance.

The plaintiff cannot have the relief which he seeks, unless the officer can have leave to amend his return on the execution. To reform the levy and deeds as prayed for, and thereby change the existing legal titles of the parties, if it could be done, would render the registry of deeds of little value, as furnishing any certain evidence of title to real estate.

Lumbert *v.* Hill.

It is familiar law, that the Court will not allow an amendment of an officer's return, after a long time has elapsed, unless from some minutes made at the time, and also, that an officer will not be permitted to amend a defective return of an extent, if a third person have subsequently acquired title to the land.

But if the Court could grant the relief sought, in all cases of relief, by correcting mistakes in the execution of instruments, the party asking relief must stand upon some equity superior to that of the party against whom he asks it. If the equities are equal, a court of equity is silent and passive. 1 Story's Eq., c. 5, § 176, and notes.

In this case, neither party appears to have any equity superior to the other. The plaintiff has the title of the Merchants' Bank, and nothing more. The bank and Hill were both creditors of Joseph R. Lumbert, and, of course, they both desired to collect their debts, and they had equal rights to do so. The bank levied their execution, and left a ·part of Lumbert's land open to attachment by his creditors, as appeared by the record. If Hill had not attached the land, Lumbert might have conveyed it, or any other of his creditors might have attached it. Hill ascertained 'to his satisfaction, that the levy of the bank did not include it, and he was neither legally or morally guilty of wrong in attaching it to secure his debt. There was no contract or privity between him and the bank. He was not the guardian of their interests, and if the bank neglected to take and perfect their title to the land, which they might have taken on their execution, it was not his fault, and he had a perfect legal right to attach what the bank left of Lumbert's land, and seize it on execution, in payment of his debt. It would have been requiring too much, to have asked him to be quiescent, and lose his debt, rather than disturb the plaintiff in the temporary enjoyment of property, to which he had no legal title, and which might, at any time, have been conveyed by Hill's debtor, Joseph R. Lumbert, or attached or seized on execution by any of his creditors.

The result is, that if the levy of the bank, as recorded, includes the land upon which Hill subsequently extended his execution, then the plaintiff holds it by legal title; but if that levy does not include it, a court of equity can grant him no relief.

*The bill is dismissed with costs for the defendants.*

TENNEY, C. J., and APPLETON, GOODENOW, and MAY, J. J., concurred.